UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

Charles O. Hall, #287791,                          )    C/A No. 2:06-2939-TLW-RSC 3 43
                                                   )
                              Plaintiff,            )
                                                   )    Report and Recommendation
vs.                                                )
                                                   )
**Members** of Darlington County Sheriff's Department;    )
**Glenn Campbell**, Sheriff;                       )
**Mark Luce**, Sgt.;                               )
**John Does** who served the arrest warrant;       )
**John Does** of Darlington City Police Department;    )
**J. B. Huggins**, S.C. Highway Patrol;            )
**W. C. Epps**, Cpl. S.C. Highway Patrol;          )
**D. C. Voglio**, S.C. Highway Patrol;             )
**H. M. Morrell**, Magistrate;                     )
**Darlington County**;                             )
**G. Bell**, Magistrate;                           )
**A. H. Odom**;                                    )
**John Doe** who signed the warrants;              )
**Jay Hodge**, Prosecutor for Darlington County;   )
**Sherrie C. Baugh**, Prosecutor for Darlington County;    )
**Hon. Scott Suggs**, Clerk of Court for Darlington    )
County;                                            )
**Hon. James Cox**;                                )
**Hon. John M. Milling**;                          )
**Hon. James E. Lockemy**;                         )
**Hon. John M. Baxley**;                           )
**Hon. Michael G. Nettles**,                       )
                                                   )
                              Defendants.           )
                                                   )
_____

—

<u>Introduction</u>

The plaintiff, Charles O. Hall, proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[1] Plaintiff is an inmate at McCormick Correctional Institution, a facility of the

_____

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule
73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for
relief and submit findings and recommendations to the District Court.

South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names many defendants, including employees of governmental entities, who were involved with his underlying criminal proceedings in the State courts.[2] The plaintiff states that the defendants conspired to violate his constitutional rights. From reviewing the plaintiff's complaint, affidavits, and attachments, it is obvious that he attacks the defendants' actions taken against him during the process of his criminal case. Plaintiff seeks monetary damages, and he requests that the defendants be criminally prosecuted. The § 1983 complaint is subject to summary dismissal because it fails to state a claim upon which relief may be granted and has no arguable basis in law.

## Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the full

---

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Furthermore, even if the plaintiff had paid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278

3

(4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387,  (4th Cir. 1990).

## Background

The plaintiff, Charles O. Hall, is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).  The plaintiff pled guilty in 2002 in Darlington County to voluntary manslaughter and possession of a weapon during commission of a violent crime.  He attempted to file a direct appeal, which was dismissed.  He also filed a State post-conviction relief action which was denied. Apparently, he has not filed a federal § 2254 habeas action.

The complaint names many defendants, including judges and employees of governmental entities, who were involved with his underlying criminal arrest, conviction, appeal, and post-conviction relief proceedings in the State courts. The plaintiff states that the defendants conspired to violate his constitutional rights and that the defendants committed perjury. He complains that his criminal proceedings were a meaningless ritual because the defendants failed to follow proper due process. The plaintiff seeks monetary damages, and he requests that the defendants be prosecuted for the crimes allegedly committed.  A review of the complaint, affidavits and attachments show that the plaintiff's criminal conviction has not been invalidated.

## Discussion

The § 1983 complaint is subject to summary dismissal because it fails to state a claim upon which relief may be granted and has no arguable basis in law.  The Supreme

4

Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. See Heck v. Humphrey, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id., 512 U.S. at 486-87; See also Edwards v. Balisock, 520 U.S. 641 (1997)(the preclusive rule of Heck extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement.); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995)(action challenging validity of parole proceedings calls into question fact of confinement and thus is subject to Heck).

A favorable determination on the merits of the plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. at 487. The plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement,[3] so the complaint must be

---

[3] If the plaintiff seeks habeas relief in the federal court, he must file an action pursuant to 28 U.S.C. § 2254. Notably, 28 U.S.C. § 2244(d) provides a limit on the time

dismissed.

Until the plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in Heck v. Humphrey, Id.; See also Schilling v. White, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. See Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996)(following Heck v. Humphrey, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

Plaintiff also complains that the defendants have engaged in what may be construed as criminal acts, e.g., conspiracy and perjury. Plaintiff cannot have this Court prosecute criminal charges against the defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); see also

---

for filing a petition pursuant to § 2254.

6

United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, the relief the plaintiff seeks, criminal prosecution of the defendants, has no basis in law.

Moreover, the portion of the complaint which brings suit against judges is subject to dismissal under 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii). Judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Immunity presents a threshold question. See Harlow v. Fitzgerald, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Several named defendants are S.C. judges and magistrates who were acting within their judicial capacity during the alleged wrong-doings. Those defendants are entitled to summary dismissal based upon absolute immunity.

## Recommendation

It is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

**The plaintiff's attention is directed to the notice on the following page.**

October 30, 2006
Charleston, SC.

Robert S. Carr
United States Magistrate Judge

7

October _____, 2006
Charleston, South Carolina

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten **(10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, **but not thereafter,** a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**